UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXGINC CORPORATION, f/k/a AXIS GROUP, INC.,<br>Plaintiff<br><br>— against —<br><br>PLAZA AUTOMALL, LTD.<br>Defendant. | 14-CV-4648 (ARR)<br><br>**Opinion and Order**<br><br>**Not for electronic or print publication** |

ROSS, United States District Judge:

After granting summary judgment to plaintiff Axginc Corporation ("Axginc") in this matter, I referred the calculation of damages to the Honorable Vera M. Scanlon, United States Magistrate Judge. Defendant Plaza Automall, Ltd. ("Plaza") now objects to Judge Scanlon's Report & Recommendation ("R & R") calculating damages. For the following reasons, I adopt Judge Scanlon's well-reasoned R & R as the opinion of this Court, with one minor exception.

In the interest of brevity and judicial economy, I will not repeat the discussion of the factual background from my opinion granting summary judgment to Axginc. *See* Op. & Order, ECF No. 61, at 1–6 ("SJ Op."). The terms and abbreviations used in that opinion will also be used here.

## DISCUSSION

I review the portions of the R & R to which a party objects *de novo*. Fed. R. Civ. P. 72(b)(3). I review the portions of the R & R to which there was no timely objection, however, only for clear error. *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, plaintiff Axginc raises no objection to the R & R. Defendant Plaza raises three arguments in its objections, which I will address in turn below. I will also address one issue from the R & R regarding the date of accrual of interest, to which neither party specifically objected. In short, Plaza argues (a) that that it is not liable for rent underpayments because the terms of the

Sublease were modified by the rent invoices sent to it by the plaintiff, and (b) that it is not liable for late fees and interest because it paid the amounts requested on the invoices and payment on the remainder was not due until the full rent set out by the Sublease was demanded by its landlord. These arguments, however, are barred by the plain language of the Sublease and were already rejected on summary judgment; Plaza cannot use the damages calculation to re-litigate these issues. Defendant also argues (c) that its rent should be offset because a large portion of the space it leased was unusable. While I referred this question to Judge Scanlon rather than deciding it on summary judgment, she is correct that this argument is also foreclosed by the terms of the Sublease.

First, Plaza argues that the terms of Sublease were modified from April 2012 to September 2013, and thus it is not liable for the increased rent required by the Sublease, but instead only for the lesser amount due under the previous lease. *See* Def's Objs. to the Hon. Vera M. Scanlon's Report & Recommendation Dated October 24, 2017, ECF No. 69, at 2–6 ("Def's Objs."). The Sublease—adopted November 14, 2012, but retroactive to April 16, 2012—increased the monthly rent from $92,030 to $134,382, but Axginc continued to bill Plaza for only $92,030 per month until September 2013. Plaza argues that it is not liable for the difference between $92,030 and $134,381.62 for the months between April 2012 and November 2013—amounting to $741,153.17— because the invoices and course of dealing reflect that the parties modified the terms of the lease. *Id.* at 2–5. However, this argument was already rejected on summary judgement, *see* SJ Op. at 10–14, and therefore is not a valid basis to dispute damages. Indeed, Plaza admits that this issue has already been adjudicated, arguing that "the SJ decision (and the R & R's reliance thereon) incorrectly determined that the parties could not, and did not waive these clear terms by modification." Def's Objs. at 5. While I will not address the issue at great length here, I adhere to my prior decision "that the plain language of the Sublease bars interpretation of Axginc's

acceptance of partial rent as modification of the contract." SJ Op. at 11. Axginc should therefore be awarded $741,153.17 in back rent for the period from April 2012 to September 2013.

Second, Plaza argues that it is not liable for any late charges for the rent underpayment from April 2012 to September 2013 because it timely paid the full amount it was invoiced, and that any interest due on the rent underpayment should only be calculated from May 8, 2014—when it claims that Axginc first demanded this money. *See* Def's Objs. at 6–11. Again, this issue was already decided adversely to Plaza on summary judgment. *See* SJ Op. at 22. Certainly, it is a harsh result that Plaza is liable for late fees and interest even though they timely paid the full amount billed on their rent invoices. Nonetheless, this is the result required by the terms of the Sublease, which state: "If any installment of rent . . . due from Tenant is not received by Landlord . . . within ten (10) days after such amount is due, Tenant shall pay to Landlord a late charge equal to five percent (5%) of such overdue amount . . . plus interest." Sublease § 27.03. Since Plaza negotiated for and signed this lease, with the assistance of counsel, it is bound by its terms. *See, e.g.*, *Ursa Minor Ltd. V. Aon Fin. Prods., Inc.*, No. 00CIV-2474, 2000 WL 1010278, at * 6 (S.D.N.Y. July 21, 2000) ("Under New York law, which applies here, the Court will not disturb the contractual relationship where . . . a contract has been negotiated by sophisticated parties and its terms are clear and unambiguous."). Plaza owes damages for late charges and interest because it "knew or should have known what its monthly base rent obligations were under the Sublease and should have paid those amounts when due, regardless of the invoiced amounts." R & R at 6.

Further, upon reviewing the issue of the amount of interest due, I find that Judge Scanlon erred in Plaza's favor when calculating the date of accrual. According to the Sublease, interest is due on any installment of rent that is not timely received "from the due date until paid." Sublease § 27.03. And, although there is a ten-day grace period for making a payment, *id.*, rent installments

3

are "due on the 1 [first] day of each month." *Id.* § 3.01(A). Yet Judge Scanlon found that "[i]nterest is due from the tenth day of the month in which the monthly installment of base rent was due until the date of entry of judgment." R & R at 10–11. This was incorrect because the Sublease specifies that interest starts to accrue "from the due date," not on the date that the grace period elapses. Accordingly, Plaza in fact owes interest on back rent from the *first* day of the month in which the monthly rent was due until the date of entry of judgment. The amount of interest due therefore comes to **$1,053,781.10** as of May 27, 2017, not $1,046,155.01. And, as Judge Scanlon found, it continues to accrue at a daily rate of **$762.60**. My calculations are set out in the chart below.

| Due date | Unpaid rent | 18% annual interest | Interest per day | Days delinquent | Interest due as of May 27, 2017 |
|---|---|---|---|---|---|
| 4/1/2012 | $21,175.80 | $3,811.64 | $10.44 | 1882 | $19,640.01 |
| 5/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1852 | $38,653.89 |
| 6/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1821 | $38,006.87 |
| 7/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1791 | $37,380.73 |
| 8/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1760 | $36,733.72 |
| 9/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1729 | $36,086.70 |
| 10/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1699 | $35,460.56 |
| 11/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1668 | $34,813.55 |
| 12/1/2012 | $42,351.61 | $7,623.29 | $20.87 | 1638 | $34,187.40 |
| 1/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1607 | $33,540.39 |
| 2/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1576 | $32,893.37 |
| 3/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1548 | $32,308.97 |
| 4/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1517 | $31,661.96 |
| 5/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1487 | $31,035.82 |
| 6/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1456 | $30,388.80 |
| 7/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1426 | $29,762.66 |
| 8/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1395 | $29,115.64 |
| 9/1/2013 | $42,351.61 | $7,623.29 | $20.87 | 1364 | $28,468.63 |
| 1/1/2014 | $134,381.62 | $24,188.69 | $66.23 | 1242 | $82,251.49 |
| 2/1/2014 | $134,381.62 | $24,188.69 | $66.23 | 1211 | $80,198.51 |
| 3/1/2014 | $134,381.62 | $24,188.69 | $66.23 | 1183 | $78,344.21 |
| 4/1/2014 | $134,381.62 | $24,188.69 | $66.23 | 1152 | $76,291.23 |
| 5/1/2014 | $134,381.62 | $24,188.69 | $66.23 | 1122 | $74,304.48 |
| 6/1/2014 | $134,381.62 | $24,188.69 | $66.23 | 1091 | $72,251.51 |
|  | $1,547,442.89 |  | $762.60 |  | $1,053,781.10 |

Finally, Plaza argues that Judge Scanlon erred in denying it a rent offset to compensate for part of the leased space being unusable after Hurricane Sandy, as well as Plaza's inability to obtain insurance for cars stored in the leased space after Sandy. *See* Def's Objs. at 11–14. The plain language of the Sublease, however, forbids offsets. Article 21, which is titled "<u>NO OFFSETS</u>," states: "All amounts payable by Tenant to Landlord hereunder shall be paid by Tenant . . . without any set-off . . . or reduction of any kind or for any reason." Sublease § 21. I agree with Judge Scanlon that under the "inflexible" terms of the Sublease, Plaza "is not entitled to an offset even though a portion of the leased space was apparently unusable." R & R at 14. I further note that the parties entered into this agreement on November 14, 2012, two weeks *after* Hurricane Sandy hit New York City. The damage caused by Sandy was thus foreseeable at the time the Sublease was signed—and the risk of the space being unusable was implicitly allocated to Plaza. Plaza is therefore liable for the entirety of the rent that it did not pay from January to June 2014.

I also note that, in arguing for a rent offset, Plaza's counsel misconstrues my summary judgment opinion—and then criticizes Judge Scanlon for failing to comply with what it claims I said. I referred the question of whether Plaza was due a rent offset for Judge Scanlon to determine in the first instance because "[t]his argument was not substantially addressed in the parties' briefing of this motion." SJ Op. at 24 n.8. I noted that "[a]t first blush, *the Sublease appears to bar any claim for offset*," *id.* (emphasis added), but nonetheless allowed Plaza to raise the argument "before Judge Scanlon at the calculation of damages stage" that "it is entitled to a rent offset because a portion of its leased space was unusable for part of the rent period." *Id.* In its objections, counsel for Plaza spins this footnote in the following manner: "<u>In the SJ decision, Judge Ross specifically allowed for a rent offset for a portion of the leased space being unusable</u> should Magistrate Judge Scanlon find that any unusability existed." Def's Objs. at 14 (emphasis in

5

original); *see also id.* at 12 ("Judge Ross' referral to Magistrate Judge Scanlon was <u>not</u> to determine whether or not the Amended lease allowed for such an offset, but rather whether or not the Premises, or a portion thereof, were, at any time, unusable, and, if so, to calculate the amount of such an offset."). Counsel's interpretation of my opinion is not only wrong, but entirely at odds with the plain language of the text; it is only facially plausible if one excises the entire middle part of the footnote—as counsel did when quoting the opinion. *See id.* at 12. But, in fact, rather than "specifically allow[ing] for a rent offset," not only did I refer the question of whether Plaza was entitled to a rent offset to Judge Scanlon, in so doing I also expressed skepticism as to whether a rent offset was allowed under the terms of the Sublease.

In the absence of objection, I adopt Judge Scanlon's R & R as to all remaining issues.

## CONCLUSION

For the foregoing reasons, Plaintiff is awarded the sum of **$2,609,337.99**, which includes:

(1) **$1,547,442.89** in unpaid base rent;

(2) **$77,372.14** in late fees; and

(3) **$1,053,781.10** in interest, **plus $762.60 per day** from May 27, 2017, through the date of entry of judgment;

(4) Less the security deposit **of $69,258.15**.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:    November 9, 2017
          Brooklyn, New York